**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

UNIQUE IMPORTER & DISTRIBUTOR,
INC.,

                          Plaintiff,

      v.

STERLING SEAFOOD CORP.,
SEAFOOD WHOLESALERS LTD.,
TRUONG ENTERPRISES, INC.,
P&P ASIAN FOODS,
BENGHAL STORES & HALAL MEAT,
GOLDEN OCEAN SEAFOOD INC.,
TAMPA GROCERY,
NATIONAL IMPORTS LLC,
G&G FOOD MART, INC.,
GLOBAL MARKETING ENTERPRISES
INC.,
COLUMBUS FISH AND SEAFOOD LLC.,
A-1 INDIAN GROCERS, INC.,
IMAEX TRADING CO.,
PALLI TRADING INC.,
ZOYA USA INC.,
KEA IMPORTED FOODS,
SMART CHEF SUPPLY INC.,
ANN'S INTERNATIONAL GROCERS,
CHERIANS INTERNATIONAL FRESH
MARKET LLC;
KAIRALI FOODS OF GLENVIEW LLC,
MGM GEETHA FOODS INC.,
FOOD GUSTO INC.,
TT ASIAN GROCERY, INC.,

                        Defendants.

---------------------------------------------------------X

STERLING SEAFOOD CORP.,

                    Third party plaintiff,

      v.

Mohammad N. Islam,

                    Third party defendant.

---------------------------------------------------------X

Case No. 19-cv-3883-JMA-AYS


**ANSWER, AMENDED
COUNTERCLAIM, THIRD PARTY
COMPLAINT & CROSSCLAIMS**

Defendant, Sterling Seafood Corp. ("Sterling"), by and through its attorneys, Winne, Banta, Basralian & Kahn, P.C., and by way of Answer to the Compliant, says:

## AS TO THE NATURE OF THE ACTION

1.    It denies the allegations in paragraph 1, except to admit that Plaintiff Unique Importer & Distributor, Inc. ("Unique") brought the within action against each of the named defendants.

2.    It denies the allegations in paragraph 2, except to admit that the referenced causes of action are identified in the complaint.

3.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 3, but to the extent a more specific response is required, they are denied.

4.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4, but to the extent a more specific response is required, they are denied.

5.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5, but to the extent a more specific response is required, they are denied.

6.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6, but to the extent a more specific response is required, they are denied.

7.    It denies the allegations in paragraph 7.

8.    It denies the allegations in paragraph 8, except to state that the purported Exhibit A speaks for itself and Sterling relies upon it for an accurate statement of its terms.

9.    It denies the allegations in paragraph 9, except to state that the purported Exhibit B speaks for itself and Sterling relies upon it for an accurate statement of its terms.

10.    It denies the allegations in paragraph 10, except to state that the purported Exhibit C speaks for itself and Sterling relies upon it for an accurate statement of its terms.

#479321v1 * 03866-00049

11. It denies the allegations in paragraph 11.

12. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12, but to the extent a more specific response is required, they are denied.

13. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13, but to the extent a more specific response is required, they are denied.

14. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14, but to the extent a more specific response is required, they are denied, except to state that the purported Exhibit D speaks for itself and Sterling relies upon it for an accurate statement of its terms.

15. It denies the allegations in paragraph 15.

## AS TO JURISDICTION AND VENUE

16. The existence of subject matter jurisdiction calls for a legal conclusion to which no response is required, but to the extent a more specific response is required, Sterling denies the allegations in paragraph 16.

17. The existence of supplemental jurisdiction calls for a legal conclusion to which no response is required, but to the extent a more specific response is required, Sterling denies the allegations in paragraph 17.

18. The existence of personal jurisdiction calls for a legal conclusion to which no response is required, but to the extent a more specific response is required, Sterling denies the allegations in paragraph 18, including the propriety of personal jurisdiction over it.

19. The propriety of venue calls for a legal conclusion to which no response is required, but to the extent a more specific response is required, Sterling denies the allegations in paragraph 18, including that venue is proper in this district.

#479321v1 * 03866-00049

## AS TO THE PARTIES

20.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20, but to the extent a more specific response is required, they are denied, except to admit that Unique maintains a place of business in Queens, New York.

21.    It admits the allegations in paragraph 21.

22.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22, but to the extent a more specific response is required, they are denied.

23.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23, but to the extent a more specific response is required, they are denied.

24.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24, but to the extent a more specific response is required, they are denied.

25.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25, but to the extent a more specific response is required, they are denied.

26.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 26, but to the extent a more specific response is required, they are denied.

27.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27, but to the extent a more specific response is required, they are denied.

28.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28, but to the extent a more specific response is required, they are denied.

29.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29, but to the extent a more specific response is required, they are denied.

30.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30, but to the extent a more specific response is required, they are denied.

#479321v1 * 03866-00049

31.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31, but to the extent a more specific response is required, they are denied.

32.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 32, but to the extent a more specific response is required, they are denied.

33.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33, but to the extent a more specific response is required, they are denied.

34.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 34, but to the extent a more specific response is required, they are denied.

35.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 35, but to the extent a more specific response is required, they are denied.

36.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 36, but to the extent a more specific response is required, they are denied.

37.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 37, but to the extent a more specific response is required, they are denied.

38.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38, but to the extent a more specific response is required, they are denied.

39.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 39, but to the extent a more specific response is required, they are denied.

40.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 40, but to the extent a more specific response is required, they are denied.

41.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 41, but to the extent a more specific response is required, they are denied.

#479321v1 * 03866-00049

42.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42, but to the extent a more specific response is required, they are denied.

43.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43, but to the extent a more specific response is required, they are denied.

44.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44, but to the extent a more specific response is required, they are denied.

## **AS TO THE FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

45.     It denies the allegations in paragraph 45.

46.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46, but to the extent a more specific response is required, they are denied.

47.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47, but to the extent a more specific response is required, they are denied.

48.     It denies the allegations in paragraph 48.

49.     It denies the allegations in paragraph 49, except to state that the purported Exhibit F speaks for itself and Sterling relies upon it for an accurate statement of its terms.

50.     Sterling denies the allegations in paragraph 50, except to state that the validity of a U.S. trademark calls for a legal conclusion to which no response is required, but to the extent a more specific response is required, that allegation is also denied.

51.     Sterling denies the allegations in paragraph 51, except to state that the validity and contestability of a U.S. trademark calls for a legal conclusion to which no response is required, but to the extent a more specific response is required, that allegation is also denied.

52.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 52, but to the extent a more specific response is required, they are denied.

#479321v1 * 03866-00049

53.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 53, but to the extent a more specific response is required, they are denied.

54.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 54, but to the extent a more specific response is required, they are denied.

55.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55, but to the extent a more specific response is required, they are denied.

56.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 56, but to the extent a more specific response is required, they are denied.

57.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 57, but to the extent a more specific response is required, they are denied.

58.     It denies the allegations in paragraph 58.

59.     It denies the allegations in paragraph 59.

60.     It denies the allegations in paragraph 60.

61.     It denies the allegations in paragraph 61, except to state that the purported Exhibit G speaks for itself and Sterling relies upon it for an accurate statement of its terms.

62.     It denies the allegations in paragraph 62.

63.     It denies the allegations in paragraph 63.

64.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 64, but to the extent a more specific response is required, they are denied.

65.     It denies the allegations in paragraph 65.

66.     It denies the allegations in paragraph 66.

67.     It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 67, but to the extent a more specific response is required, they are denied.

68. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 68, but to the extent a more specific response is required, they are denied.

69. It denies the allegations in paragraph 69.

70. It denies the allegations in paragraph 70, except to state that the purported Exhibit H speaks for itself and Sterling relies upon it for an accurate statement of its terms.

71. It denies the allegations in paragraph 71.

72. It denies the allegations in paragraph 72.

73. It denies the allegations in paragraph 73, except to state that the purported Exhibit A speaks for itself and Sterling relies upon it for an accurate statement of its terms.

74. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 74, but to the extent a more specific response is required, they are denied, except to state that the purported Exhibit B speaks for itself and Sterling relies upon it for an accurate statement of its terms.

75. It denies the allegations in paragraph 75, except to state that the purported Exhibit C speaks for itself and Sterling relies upon it for an accurate statement of its terms.

76. It denies the allegations in paragraph 76.

77. It denies the allegations in paragraph 77.

78. It denies the allegations in paragraph 78.

79. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 79, but to the extent a more specific response is required, they are denied.

80. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 80, but to the extent a more specific response is required, they are denied.

#479321v1 * 03866-00049

81.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 81, but to the extent a more specific response is required, they are denied.

82.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 82, but to the extent a more specific response is required, they are denied.

83.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 83, but to the extent a more specific response is required, they are denied.

84.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 84, but to the extent a more specific response is required, they are denied.

85.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 85, but to the extent a more specific response is required, they are denied.

86.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 86, but to the extent a more specific response is required, they are denied.

87.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 87, but to the extent a more specific response is required, they are denied.

88.    It denies the allegations in paragraph 88, except to state that the purported Exhibit D speaks for itself and Sterling relies upon it for an accurate statement of its terms.

89.    It denies the allegations in paragraph 89.

90.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 90, but to the extent a more specific response is required, they are denied.

91.    It denies the allegations in paragraph 91.

92.    It denies the allegations in paragraph 92.

93.    It denies the allegations in paragraph 93.

## AS TO THE FIRST CAUSE OF ACTION

94.    It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

95.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 95, but to the extent a more specific response is required, they are denied.

96.    It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 96, but to the extent a more specific response is required, they are denied, except to state that the validity of the NEELA mark calls for a legal conclusion.

97.    It denies the allegations in paragraph 97.

98.    It denies the allegations in paragraph 98.

99.    It denies the allegations in paragraph 99.

100.  It denies the allegations in paragraph 100, except to state that it lacks knowledge or information sufficient to form a belief as to the allegations that consumers have ceased buying NEELA brand products from Unique.

101.  It denies the allegations in paragraph 101.

102.  It denies the allegations in paragraph 102.

## AS TO THE SECOND CAUSE OF ACTION

103.  It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

104.  It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 104, but to the extent a more specific response is required, they are denied, except to state that the exclusivity of Unique's right to the use of the NEELA mark calls for a legal conclusion.

#479321v1 * 03866-00049

105. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 105, but to the extent a more specific response is required, they are denied, except to state that the purported Exhibit F speaks for itself and Sterling relies upon it for an accurate statement of its terms.

106. It denies the allegations in paragraph 106.

107. It denies the allegations in paragraph 107.

108. It denies the allegations in paragraph 108.

109. It denies the allegations in paragraph 109.

110. It denies the allegations in paragraph 110.

111. It denies the allegations in paragraph 111.

112. It denies the allegations in paragraph 112.

## AS TO THE THIRD CAUSE OF ACTION

113. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

114. It denies the allegations in paragraph 114.

115. It denies the allegations in paragraph 115.

116. It denies the allegations in paragraph 116.

117. It denies the allegations in paragraph 117.

118. It denies the allegations in paragraph 118.

119. It denies the allegations in paragraph 119.

## AS TO THE FOURTH CAUSE OF ACTION

120. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

#479321v1 * 03866-00049

121. It denies the allegations in paragraph 121.

122. It denies the allegations in paragraph 122.

123. It denies the allegations in paragraph 123.

124. It denies the allegations in paragraph 124.

125. It denies the allegations in paragraph 125.

126. It denies the allegations in paragraph 126.

127. It denies the allegations in paragraph 127.

128. It denies the allegations in paragraph 128.

129. It denies the allegations in paragraph 129.

130. It denies the allegations in paragraph 130.

131. It denies the allegations in paragraph 131.

## AS TO THE FIFTH CAUSE OF ACTION

132. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

133. It denies the allegations in paragraph 133.

134. It denies the allegations in paragraph 134.

135. It denies the allegations in paragraph 135.

136. It denies the allegations in paragraph 136.

137. It denies the allegations in paragraph 137.

## AS TO THE SIXTH CAUSE OF ACTION

138. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

139. It denies the allegations in paragraph 139.

#479321v1 * 03866-00049

140. It denies the allegations in paragraph 140.

141. It denies the allegations in paragraph 141.

142. It denies the allegations in paragraph 142.

## AS TO THE SEVENTH CAUSE OF ACTION

143. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

144. It denies the allegations in paragraph 144.

145. It denies the allegations in paragraph 145.

## AS TO THE EIGHTH CAUSE OF ACTION

146. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

147. It denies the allegations in paragraph 147.

148. It denies the allegations in paragraph 148.

149. It denies the allegations in paragraph 149.

150. It denies the allegations in paragraph 150.

## AS TO THE NINTH CAUSE OF ACTION

151. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

152. It denies the allegations in paragraph 152.

153. It denies the allegations in paragraph 153.

## AS TO THE TENTH CAUSE OF ACTION

154. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

#479321v1 * 03866-00049

155. It lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 155, but to the extent a more specific response is required, they are denied.

156. It denies the allegations in paragraph 156.

157. It denies the allegations in paragraph 157.

## AS TO THE ELEVENTH CAUSE OF ACTION

158. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

159. It denies the allegations in paragraph 159.

160. It denies the allegations in paragraph 160.

161. It denies the allegations in paragraph 161.

162. It denies the allegations in paragraph 162.

163. It denies the allegations in paragraph 163.

164. It denies the allegations in paragraph 164.

165. It denies the allegations in paragraph 165.

## AS TO THE TWELFTH CAUSE OF ACTION

166. It repeats and reiterates its responses to each of the prior paragraphs as though set forth at length herein.

167. It denies the allegations in paragraph 167.

168. It denies the allegations in paragraph 168.

## AS TO THE PRAYER FOR RELIEF

**WHEREFORE**, Sterling demands judgment in its favor and against Unique dismissing the Complaint and all claims against it with prejudice, and awarding Sterling attorney's fees, costs of suit, and such other and further relief as the Court deems just and fair.

#479321v1 * 03866-00049

## <u>AFFIRMATIVE DEFENSES</u>

169. The Complaint fails to state a claim upon which relief may be granted.

170. The Plaintiff lacks standing to assert the claims contained in the Complaint.

171. Plaintiff's claims are barred by their own unclean hands.

172. Plaintiff's claims are barred by the doctrine of laches and/or the applicable statute of limitations.

173. The Plaintiffs are estopped, legally and equitably, from obtaining the relief sought.

174. Plaintiff's claims are barred, or at the very least diminished, by their failure to mitigate damages.

175. The Plaintiffs waived their right to relief.

176. Any alleged damages sustained by the Plaintiffs occurred as a direct and proximate cause of their own acts or omissions.

177. Sterling's alleged use of the subject trademark constituted fair use and/or collateral use.

178. The subject trademark was not sufficiently distinctive.

179. As they pertain to Sterling, the Court lacks subject matter jurisdiction over the claims asserted.

180. The damages claimed by Plaintiff were avoidable consequences that it controlled.

181. Any liability of Sterling for damages to Plaintiffs is limited or entirely precluded as a result of the comparative fault of other parties.

182. The Court lacks personal jurisdiction over this Defendant.

183. Venue is improperly laid.

#479321v1 * 03866-00049

184. No act or omission by Sterling caused the loss or damages alleged by the Plaintiff, which were otherwise not foreseeable.

185. The loss and damages alleged in the Complaint, if any, were caused by Plaintiff, other Defendants or third parties over whom Sterling had no control and for whose acts or omissions Sterling is not responsible or liable.

186. The loss and damages alleged in the Complaint, if any, were directly and proximately caused by intervening and superseding causes for which Sterling is not responsible or liable.

187. The claims asserted in the Complaint are barred, in whole or in part, by the terms and conditions of service agreed upon by the parties and/or contained in shipping documents issued in connection with the cargo in question, including but not limited to any and all bills of lading, waybills, letters of instruction, warehouse receipts, manifests, delivery orders, tariffs, and invoices.

188. Sterling is entitled to all other rights, defenses, limitations of liability, and immunities contained in the terms and conditions of service agreed upon by the parties and/or the shipping documents issued in connection with the cargo in question, including but not limited to any and all bills of lading, waybills, letters of instruction, warehouse receipts, manifests, delivery orders, tariffs, and invoices.

189. Plaintiff failed to join indispensable parties.

190. Any liability on the part of Sterling is several, rather than joint, and should be prorated.

191. Sterling is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages if Plaintiffs receive a verdict against such other defendants.

#479321v1 * 03866-00049

192.  If Plaintiff settles, discontinues and/or ends this lawsuit and/or any other lawsuit arising out of the same incident to which the within action pertains, and/or do so in the future as against one or more of the defendants herein and/or any other alleged tortfeasor, Sterling asserts its rights to any and all set-offs in accordance with General Obligations Law § 15-108.

193.  Plaintiff's claims are barred inasmuch as Sterling acted in conformance with reasonable commercial standards.

194.  Plaintiff's damage claims are barred by applicable statute.

195.  The claims are barred, in whole or in part, by the entire controversy doctrine, the doctrine of collateral estoppel and/or by res judicata.

196.  Plaintiff assumed the risk of loss.

197.  The purported trademark is void/voidable based on the doctrine of foreign equivalents.

198.  Sterling reserves the right to supplement the foregoing and raise additional defenses as may appear during the progress of this case to the fullest extent allowed under the controlling applicable law.

**WHEREFORE**, Sterling demands judgment in its favor and against Unique dismissing the Complaint and all claims against it with prejudice, and awarding Sterling attorney's fees, costs of suit, and such other and further relief as the Court deems just and fair.

#479321v1 * 03866-00049

## AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendant, Sterling Seafood Corp. ("Sterling"), by and through its attorneys, Winne, Banta, Basralian & Kahn, P.C., and by way of Amended Counterclaim and related third party complaint against Mohammad N. Islam, says:

## JURISDICTION AND VENUE

199.  This counterclaim and third party complaint arise out of the same general series of facts and circumstances set forth in the Complaint.

200.  Assuming jurisdiction and venue are proper with respect to the Complaint, they are proper with respect to these counterclaims and third party compliant.

201.  This Court has jurisdiction over state law or common law claims asserted below under the doctrines of ancillary and/or pendent party jurisdiction as codified at 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

202.  Sterling is incorporated in the State of New Jersey, with its principal place of business at 300 Knickerbocker Road, Suite 1600, Cresskill, New Jersey.

203.  At all relevant times, Sterling was engaged in the business of importing seafood.

204.  Upon information and belief, at all relevant times, counterclaim defendant Unique Importer & Distributor, Inc. ("Unique") was a distributor of frozen seafood and maintained a principal place of business at 89-21 130 Street, Richmond Hill, New York 11418.

205.  Third party defendant Mohammad N. Islam ("Islam") is a natural person who resides, upon information and belief, at 35-20 32nd Street, Astoria, New York.

206.  Islam is and was at all relevant times the President of Unique.

207.  Unique has been a Sterling customer since approximately 2013.

#479321v1 * 03866-00049

208.  Specifically, Unique applied to open a new account with Sterling in about November 2013.

209.  Islam personally signed the application to open an account with Sterling.

210.  The terms of Unique's relationship are set out in the application.

211.  Pursuant thereto, Unique and Sterling agreed that if the account were to become delinquent, "the person . . . whose name is on the account . . . will be liable for all collection fees and all reasonable attorneys fees."  The "terms" provision in the application goes on to state that "It is also agreed that the seller [Sterling] reserves the right to charge 18% per annum interest (1.5% monthly) finance charge on past due amounts or the legal maximum amount authorized in buyer's respective state of business."

212.  The account opening application also contains the following language directly above Islam's printed and signed name and title: "In consideration of STERLING SEAFOOD CORP. supplying merchandise to the above named [Unique], the undersigned agrees to be personally responsible for the payment of any merchandise delivered" (capitalization in original).

213.  In about early October 2017, Unique contacted Sterling requesting a quote for the purchase of certain fish or fish products.

214.  Sterling provided the requested quote, but Unique responded that quote was too high and asked if Sterling could reduce the proposed price.

215.  In addition – in the same email – Unique specifically and intentionally provided to Sterling its Neela brand label and expressly authorized and instructed Sterling to have the overseas packers of the products affix said label to the products that Sterling was to sell to Unique.

216.  Indeed, in late October 2017, Unique, via a separate email, *again* provided Sterling with its Neela brand label.

#479321v1 * 03866-00049

217.  Sterling and Unique continued to negotiate price, and Unique ultimately determined to proceed with the transaction to acquire the fish it sought via Unique in about later October or early November 2017.

218.  None of the emails from Unique to Sterling that contained the Neela label indicated that the artwork, the Neela name, or anything else about the label or brand was subject to a trademark, registered or otherwise.  At no time during 2017 did Unique advise Sterling that the Neela label indicated that the artwork, the Neela name, or anything else about the label or brand was subject to a trademark, registered or otherwise.  Nor did the email notify Sterling that use of the "Neela" art was restricted in any way.

219.  Indeed, the artwork itself contains no trademark or registered trademark insignia anywhere on it (*e.g.*, ™ or ®).  Nor does the artwork contain any other indicia that the artwork or Neela name were or are trademarked via the U.S. Patent & Trademark Office.  (*See* Complaint, ¶ 6).

220.  The seafood that Unique engaged Sterling to procure was shipped in about December 2017.  An inspection confirmed that that the product bore "Neela" labels as Unique had requested.

221.  In about early 2018, Unique confirmed to Sterling that it received from Sterling the contents of a shipping container containing the product Unique had ordered.

222.  Also in or about early 2018, Sterling issued an invoice to Unique associated with the subject shipment.

223.  On about January 11, 2018, Unique sent an email to Sterling confirming that Unique was returning to Sterling 385 cases of Neela branded product that, pursuant to discussions between Sterling and Unique, Sterling was authorized to re-sell to third parties utilizing Unique's Neela labels on such product.

#479321v1 * 03866-00049

224.  Unique agreed to return those 385 cases to Sterling to allow Sterling to meet demand that it had from other customers.

225.  In returning the 385 cases to Sterling, Unique voluntarily and knowingly provided to Sterling Neela branded products that Unique understood would be re-sold by Sterling to third parties bearing the Neela labels.

226.  At no time in connection with the aforementioned re-sale of Neela-branded products by Sterling did Unique object to such efforts by Sterling.  Nor did Unique demand that Sterling remove the Neela labels or direct that Sterling re-label the subject product.  Indeed, the re-sale of product bearing the Neela label was conducted with Unique's full knowledge and authorization.

227.  As a result of the foregoing, any use of the alleged Neela mark by Sterling constituted a fair use or use intended or authorized (either expressly or impliedly) by Unique.

228.  As a direct and proximate result of the foregoing, the Court should declare the Neela trademark invalid or abandoned for failure to police its trademark.

## AS AND FOR A SECOND CAUSE OF ACTION

229.  Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

230.  Neela is a generic name/term in common use, particularly by those of South Asian descent, such that its use by Unique in this context is likely to confuse.

231.  In Hindi and other South Asian languages, the word Neela means "blue" or "color of the sea" or "sapphire blue."  Though typically spelled "Neela" in English, the word is sometimes spelled "Nila." Other spelling variations may exist too.

#479321v1 * 03866-00049

232.   Notably, Nila Sea Foods, a South Asian seafood company based in India, is among the most popular brands of seafood in the world.[1]  In fact, Sterling regularly imports shrimp and other seafood from Nila Sea Foods.

233.   According to its website, Nila Sea Foods caters to global consumer markets in Japan, the European Union, North America, the Far East, and Middle Eastern countries.

234.   As evidence of Nila's market penetration in North American, Nila Sea Food products imported from South Asia are among Sterling's most popular and best-selling items.

235.   Upon information and belief, Nila Sea Food sources its seafood from the same waters as Sterling's suppliers.

236.   Unique's Neela brand and the Nila Sea Food brand are substantially similar to each other in appearance, sound, connotation, and commercial impression.

237.   Both Unique and Nila Sea Food cater, in part, to a broad-based market of South Asians residing in the United States such that ordinary American consumers (particularly those who are of South Asian descent and who are multi-lingual) are likely to be confused or mislead by the brands and the similar products offered for sale by the two companies.

238.   Notwithstanding Unique's purported trademark for the Neela brand, a search of public records discloses no effort by Unique to police its trademark by taking legal action or attempting to take legal action against Nila Sea Food based on possible market confusion or trademark dilution in the United States.

239.   As a direct and proximate result of the foregoing, the Court should declare the Neela trademark invalid or abandoned for failure to police its trademark.

---

[1] *See* https://www.nilaseafoods.com/

#479321v1 * 03866-00049

## AS AND FOR A THIRD CAUSE OF ACTION

240. Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

241. According to the publicly available record of registration for the Neela mark, the USPTO originally blocked the Neela trademark application due to the existence of Application No. 85864461, which sought a trademark for certain frozen foods under the word "Sapphire."

242. That application, for Sapphire, was challenged by the examining attorney who found several "Sapphire" marks.

243. Only months later, after Application No. 85864461 for the Sapphire frozen foods mark was deemed abandoned, did the USPTO grant Neela's trademark application.

244. Mr. Islam of Unique also amended his Neela application, first to claim (incorrectly) that "Neela" had no translation, then to claim that Neela translates to "sapphire blue," after which the USPTO objection was withdrawn.

245. As a result of the foregoing, the Neela registered mark was obtained via fraud, deception, or deceit and should thereby be declared invalid or abandoned.

## AS AND FOR A FOURTH CAUSE OF ACTION

246. Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

247. In about early or mid-2018, Unique entered into a contract with Sterling for the shipment and delivery of certain seafood from Myanmar (or the waters surrounding it) totaling $435,892.12.

248. Sterling imported the seafood for Unique as requested and attempted to deliver same to Unique.

#479321v1 * 03866-00049

249. Despite the parties' agreement, Unique refused to accept the delivery from Sterling claiming that it lacked warehouse space.

250. Instead, Unique promised to acquire portions of the shipment piecemeal, in several dozen or hundred case increments.

251. Although Sterling has issued invoices to Unique for those incremental or piecemeal purchases, which were delivered to Unique, Unique has failed or refused to pay, such that $151,013.16 is presently due to Sterling for seafood orders, which were delivered to Unique and which deliveries Unique accepted, and which Unique presumably resold at a considerable profit, all to Sterling's ongoing detriment and harm.

252. Additionally, of the original $435,892.12 in product, Sterling also endeavored to mitigate its damages for the portion of product that Unique has refused to accept. To date, Sterling has relabeled and resold virtually all of the disputed product, save approximately $14,000.00 worth, which to date remains in Sterling's possession unsold.

253. In the course of attempting to mitigate its damages by re-selling the Neela labeled product, Sterling incurred approximately $51,145.57 in relabeling costs and associated resale costs.

254. Sterling has demanded payment of both the amount due for the balance of the undelivered shipment as well as the outstanding balance due for the delivered shipments. To date, Unique has refused to pay.

255. In addition, Sterling has incurred a yet-to-be quantified amount for frozen storage charges for the contents of the undelivered shipment, which must remain frozen to preserve freshness, but which, if not sold soon, will expire and be wasted.

256. As a result of the foregoing, Unique is liable to Sterling for breach of contract.

#479321v1 * 03866-00049

## AS AND FOR A FIFTH CAUSE OF ACTION

257. Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

258. By virtue of the personal guaranty that he executed upon creating an account with Sterling, Islam is also personally liable for all of Unique's obligations to Sterling.

259. To date, Islam has not made any of the payments to Sterling for the amounts owed to Sterling by Unique.

260. As a result of the foregoing, Islam is liable to Sterling under the terms of the personal guaranty.

## AS AND FOR A SIXTH CAUSE OF ACTION

261. Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

262. Sterling issued a statement of account to Unique to which neither Unique nor Islam responded.

263. As a result of the foregoing, Unique and Islam are liable, jointly and severally, to Sterling upon an account stated.

## AS AND FOR A SEVENTH CAUSE OF ACTION

264. Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

265. As a result of the foregoing, Unique and Islam are liable, jointly and severally, to Sterling in quantum meruit, for the reasonable value of the services it provided.

#479321v1 * 03866-00049

## AS AND FOR A EIGHTH CAUSE OF ACTION

266. Sterling repeats and reiterates each and every allegation in the prior paragraphs of this counterclaim as though set forth herein at length.

267. As a result of the foregoing, Unique and Islam have been unjustly enriched, to Sterling's ongoing detriment and harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Sterling Seafood Corp., demands judgment in its favor as follows:

(a) Against Unique on counts 1, 2, and 3, declaring the Neela trademark invalid or abandoned for failure to police, based on public confusion, or for fraud or deception on the USPTO trademark examiner;

(b) Against Unique on counts 1, 2, and 3, declaring that Sterling's resale of goods bearing the Neela trademark was proper, appropriate, or constituted fair use or an intended or authorized use;

(c) Against Unique and Islam, jointly and severally, on counts 4, 5, 6, 7, and 8, for compensatory damages;

(d) Against Unique and Islam, jointly and severally, on counts 4, 5, 6, 7, and 8, for consequential damages in an amount to be determined, which amount includes relabeling fees, storage fees, and other fees associated with Sterling's mitigation efforts;

(e) Against Unique and Islam, jointly and severally, on counts 4, 5, 6, 7, and 8, for pre- and post-judgment interest at the rate of 1.5% per month (18% per year) per the terms of the agreement between Sterling, Unique, and Islam;

#479321v1 * 03866-00049

(f) On all counts, an award of attorneys' fees, either by virtue of the governing statute or the agreement between Sterling, Unique, and Islam;

(g) On all counts, an award of costs and disbursements, either by virtue of the governing statute, court rule, or the agreement between Sterling, Unique, and Islam; and

(h) Such other and further relief as the Court deems just and fair.


## CROSSCLAIM

Defendant, Sterling Seafood Corp. ("Sterling"), by and through its attorneys, Winne, Banta, Basralian & Kahn, P.C., and by way of Crossclaim against co-defendants Seafood Wholesalers Ltd., Truong Enterprises, Inc., P&P Asian Foods, Benghal Stores & Halal Meat, Golden Ocean Seafood Inc., Tampa Grocery, National Imports LLC, G&G Food Mart, Inc., Global Marketing Enterprises Inc., Columbus Fish And Seafood LLC., A-1 Indian Grocers, Inc., Imaex Trading Co., Palli Trading Inc., Zoya Usa Inc., Kea Imported Foods, Smart Chef Supply Inc., Ann's International Grocers, Cherians International Fresh Market LLC; Kairali Foods of Glenview LLC, MGM Geetha Foods Inc., Food Gusto Inc., TT Asian Grocery, Inc., says:

## AS AND FOR A FIRST COUNT

268.    While denying it is in any way obligated for the claims for relief asserted against it in the Complaint herein, if any obligation is imposed upon Sterling to respond in damages, such imposition of liability will be vicarious in that it is merely constructive, technical, imputed or implied, whereas the actual fault was that of the crossclaim defendants, and Sterling is entitled to contribution and indemnification from those parties.

#479321v1 * 03866-00049

## AS AND FOR A SECOND COUNT

269.  If the Plaintiff sustained damages as alleged in the Complaint through any fault other than the Plaintiff's own fault, then the damages were sustained due to the sole fault of the co-defendants named above; and if the plaintiff should obtain or recover judgment against Sterling, then the co-defendants named above shall be liable pursuant to common law for the full indemnification of Sterling.  In view of the foregoing, Sterling is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, court costs and the costs of appellate proceedings from the crossclaim defendants.

## AS AND FOR A THIRD COUNT

270. If the Plaintiff sustained the injuries alleged in the Complaint through any carelessness, recklessness, acts, omissions, negligence or breaches of duty or warranty or contract or agreement, other than that of the Plaintiff, then the injuries and damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty or obligation or statute or warranty or contract or agreement in fact or implied in law, upon the part of the crossclaim defendants named above, with defense, indemnification and save harmless agreement or responsibility by them in fact or implied in law, and without any contributing breaches by Sterling; and if Sterling is found liable as to the Plaintiff for the damages alleged in the Complaint, then the relative responsibilities of the crossclaim defendants in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the crossclaim defendants named above will be liable, jointly and severally, to Sterling, and pursuant to any applicable contract or agreement, bound to defend, contractually to indemnify and hold Sterling harmless for the full amount of any verdict or judgment that the plaintiff may recover against Sterling in this action, including all costs, investigations, disbursements, expenses and attorneys' fees in the defense of

#479321v1 * 03866-00049

this action and in the conduct of these crossclaims. In the further event that Sterling is found to be without fault, then, the crossclaim defendants named above will be liable to Sterling to the extent of all costs, investigations, disbursements, expenses and attorney's fees incurred in the defense of the action and in the litigation of these crossclaims.

**WHEREFORE**, Sterling demands judgment against the crossclaim defendants for indemnity and contribution, including but not limited to:

(a)     Any and all damages that may be awarded in favor of Plaintiffs and against Sterling;

(b)     Attorneys' fees, costs, and disbursements; and

(c)     Such other relief as this Court may deem equitable and just.

## JURY DEMAND

Defendant Sterling Seafood Corp. hereby demands a trial by jury on all counts so triable.


Dated: Hackensack, New Jersey
        September 8, 2020

                                **WINNE, BANTA,**
                                **BASRALIAN & KAHN, P.C.**

                                *s/ Gary S. Redish*
                                Gary S. Redish
                                Michael J. Cohen
                                21 Main Street
                                Court Plaza South – East Wing
                                Hackensack, New Jersey 07601
                                *Attorneys for Defendant, Sterling Seafood Corp.*

#479321v1 * 03866-00049