

**VIA ECF** September 16, 2020
Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:   *Unique Importer & Distributor Inc. v. Sterling Seafood Corp. et al.*
             Civil Case No.: **2:19-cv-03883-JMA-AYS**

**LETTER MOTION REQUESTING A PRE-MOTION CONFERENCE IN ANTICIPATION OF PLAINTIFF'S MOTION TO DISMISS STERLING'S AMENDED COUNTERCLAIMS AND THIRD-PARTY CLAIMS**

Dear Honorable Judge Azrack:

    We represent Plaintiff Unique Importer & Distributor Inc. ("Plaintiff" or "Unique") in the above-referenced matter. Pursuant to Your Honor's Individuals Rules, Rule IV(B), Plaintiff respectfully submits this letter requesting a pre-motion Conference to discuss its anticipated motion to dismiss the amended counterclaims and third-party claims asserted by Sterling Seafood Corp. ("Sterling") in its Amended Answer filed on September 8, 2020. Sterling's counterclaims and third-party claims fail to state a claim for which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). Dismissal is therefore warranted.

    To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Plausibility ... depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

    **I.  Sterling's First, Second and Third Counterclaims Should be Dismissed since Sterling failed to State a Basis for the Cancellation of "Neela" Trademark**

    For a court to grant cancellation of the registration, the petitioning party must demonstrate that it has standing and that valid grounds for cancellation exist. *Quality Serv. Grp. v. LJMJR Corp.*, 831 F. Supp. 2d 705 (S.D.N.Y. 2011) Under the Lanham Act, *15 U.S.C.A. § 1064 (3),* a registration of a trademark can be cancelled at any time if the registered mark becomes the generic name for the goods or

services, or a portion thereof, for which it is registered, or is functional, or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions of section 1054 of this title or of subsection (a), (b), or (c) of section 1052 for a registration under this chapter, or contrary to similar prohibitory provisions of such prior Acts for a registration under such Acts, or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used. In its Amended Answer Sterling lacks standing to demand the cancellation of Plaintiff's trademark and fails to establish valid grounds of cancellation. Instead, it makes conclusory statements without any factual or legal basis.

Under the Lanham Act, 15 U.S.C.A. § 1127, a mark shall be deemed to be "abandoned" if either of the following occurs: **(1)** When its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for three consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark. **(2)** When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark. Here, Sterling has failed to allege that Unique has ceased using its mark in the ordinary course of trade or plead that "Neela" (Sapphire Blue) is a generic name for fish products. See, *Lemme v. Nat'l Broad. Co.*, 472 F. Supp. 2d 433 (E.D.N.Y. 2007) Sterling supports its demand for the cancellation by alleging that Unique failed to police its trademark because it authorized or failed to object to Sterling's use of the "Neela" trademark.

A party has standing to seek cancellation of a trademark where it has a real commercial interest in the cancellation and must have a direct and personal stake in this outcome—that is, reason to believe it will be harmed absent relief. § 37, 15 U.S.C.A. § 1119. *N. Am. Olive Oil Ass'n v. D'Avolio Inc.*, No. 16CV6986SJFARL, 2020 WL 2079421 (E.D.N.Y. Apr. 30, 2020). Here, it is evident that Sterling lacks real commercial interest in the outcome of cancellation. Moreover, Sterling lacks standing to seek cancellation of the "Neela" trademark" on behalf of "Nila Sea Food" brand. Besides, the latter has not registered its mark with USPTO. Assuming *arguendo* that Sterling has standing to seek cancellation of Plaintiff's mark registration, as discussed above it failed to plausibly plead any valid basis for cancellation.

Sterling's third counterclaim seeks cancellation of Plaintiff's trademark on the grounds that it was obtained through fraud and deception. There is a presumption of validity that attaches to the issuance of a trademark registration; this rebuttable presumption merely shifts the burden of persuasion to the party seeking cancellation. *Quality Serv. Grp. v. LJMJR Corp.*, 831 F. Supp. 2d 705 (S.D.N.Y. 2011) The party seeking cancellation of a trademark based upon fraud in the application bears a heavy burden; in establishing fraud, the party must identify a deliberate attempt by the registrant to mislead USPTO. *Id.* Merely making a false statement is not sufficient to cancel a mark on the basis of fraud. *Id.* Here, Sterling alleged that Plaintiff in its *"application, first claim[ed] (incorrectly) that "Neela" had no translation, then to claim that Neela translates to "sapphire blue," after which the USPTO objection was withdrawn."* Am. Answer, ¶ 244 Even if Plaintiff made an inaccurate statement, it cured the mistake. Sterling failed to establish any deliberate attempt by Plaintiff to mislead the USPTO.

## II. Sterling's Fails to State a Claim for Breach of Contract

Sterling's claim for breach of contract utterly fails to specify the terms of such contract. Instead, Sterling alleges that *"In about early or mid-2018, Unique entered into a contract with Sterling for the*

*shipment and delivery of certain seafood from Myanmar (or the waters surrounding it) totaling $435,892.12"* (Am. Answer ¶ 247), without specifying when such purported agreement was formed, whether it was oral or in writing, and any specific terms. See *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202-03 (S.D.N.Y. 2008) (dismissing a breach of contract counterclaim where the plaintiff failed to allege any of the elements of a contract, including the formation of the contract, the date it took place, the contract's major terms, the parties to the contract, or defendant's assent to its terms.)

Sterling fails to allege that any purported agreement with Unique was committed to writing. Since the alleged agreement with Unique was for the sale of goods – namely "fish products" – such contract would be governed by the New York Uniform Commercial Code ("UCC"). See, e.g., *McNally Wellman Co., a Div. of Boliden Allis v. New York State Elec. & Gas Corp.*, 63 F.3d 1188, 1194 (2d Cir. 1995) Under section 2-201 of the UCC, a contract for the sale of goods for the price of $500 or more is not enforceable unless there is a writing that is sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. Here, since no written contract is alleged to have existed, any purported oral agreement for the sale of fish products – which obviously exceeded $500 – is unenforceable. Therefore, Sterling's fifth counterclaim/third-party claim against Mr. Islam which is based on his secondary liability under a personally guarantee must be equally dismissed.

### III. Sterling's Sixth, Seventh and Eight Counterclaim/Third-Party Claim Should be dismissed as Duplicative.

Sterling's Sixth counterclaim/third-party claim fails to meet *Twomby* and *Iqbal* standards as it is summarized in one single sentence "Sterling issued a statement of account to Unique to which neither Unique nor Islam responded. Am. Answer, ¶ 262. This sentence is not sufficient to show entitlement to relief. To the extent that it is based on the same facts and allegations as Sterling's fourth counterclaim for breach of contract, this count must be precluded as impermissibly duplicative. New York law precludes a claimant from recovering on both theories of breach of contract and quantum meruit for the same subject matter. *Palco Telecom Serv., Inc. v. Glob. Warranty Grp., LLC*, No. 14-CV-4818 ADS SIL, 2015 WL 1509598, at *5 (E.D.N.Y. Mar. 31, 2015). Unjust enrichment under New York law is an equitable claim that is unavailable where an adequate remedy at law exists; it is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort. *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496 (S.D.N.Y. 2018)

Here, it is evident that Sterling's sixth, seventh and eight counterclaims/ third-party claims of "an account stated," "quantum meruit" and "unjust enrichment" are based on the exact same allegations as Sterling's counterclaim for breach of contract. The alleged damages and relief sought derive from the alleged Plaintiff's breach of contract. Accordingly, these counterclaims/third-party claims should be dismissed as duplicative.

We thank the Court for its time and consideration of this matter.

    Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

By: /s/Eleni Melekou._____
ELENI MELEKOU, ESQ

3